## DEADRICH v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.

Oct. 23, 1933.

Ham & Taylor and Ryland G. Taylor, all of Las Vegas, Nev., for appellant.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

This is an application for leave to prosecute appeal in the above-entitled action in forma pauperis. The application is not opposed.

Appellant states that the trial court denied a similar application by reason of the failure of the attorneys representing appellant to make an affidavit of poverty, basing his decision on our decision in Chetkovich v. United States, 47 F.(2d) 894. In the Chetkovich Case the application was denied with leave to renew it on a proper showing. It appears from the record that after the rendition of this opinion the attorneys filed disclaimers as to attorneys' fees, and the application for leave to proceed in forma pauperis was renewed and granted. In making the original order denying the application, the

court assumed that there might be an agreement for contingent attorneys' fees and applied the rule frequently applied by the federal courts in such cases, referring to United States v. Ross (C. C. A.) 298 F. 64, 33 A. L. R. 728, and cases there cited. In assuming that there might be a contingent interest in the subject-matter of the suit and in enforcing the rule applicable to such a situation, the attention of the court was not directed to the provisions of the statute (38 USCA § 551) which makes it a misdemeanor for the attorney to contract with the veteran for any fee except that authorized by the statute, to wit, a reasonable fee to be fixed by the court not to exceed 10 per cent. of the amount recovered. In actions brought to recover on war risk insurance policies authorized by statute (38 USCA § 445), where the plaintiff makes an affidavit of poverty in support of an application for leave to proceed in forma pauperis as authorized by statute (28 USCA § 832), it is unnecessary for the attorney to make a supplemental affidavit showing that he has no contingent interest in the claim, as such an interest could not be lawfully acquired. To that extent Chetkovich v. United States must be overruled.

Application in the case at bar is supported by a sufficient affidavit by the appellant as to his poverty, and is supplemented by an affidavit of the attorneys that no contract for attorneys' fees has been entered into.

The application is granted.