Sherman H. SKOLNICK, Plaintiff-Appellant,

v.

Otto SPOLAR, Charles T. Martin, J. William Hayton, Arthur G. Lilly, and Charles R. Perrigo, Defendants-Appellees.

No. 13997.

United States Court of Appeals
Seventh Circuit.

May 7, 1963.

Rehearing Denied June 6, 1963.

Peter S. Sarelas, Chicago, Ill., for appellant.

Charles M. Rush, Charles T. Martin, Daniel P. Ward, Ronald Butler, Chicago, Ill., Edward J. Hladis, Chief of the Civil Division, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., J. William Hayton, Chicago, Ill., of counsel, for Arthur G. Lilly, Charles R. Perrigo, Charles T. Martin, and J. William Hayton.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff Sherman H. Skolnick appeals from a judgment order of the district court, Honorable Joseph Sam Perry presiding, dismissing his complaint for failure to state a claim upon which relief could be granted.

This is a companion case to Skolnick v. Martin, et al., 7 Cir., 317 F.2d 855, decided adversely to appellant today. The instant case finds its genesis in the same state court action referred to therein.

On May 23, 1958, plaintiff filed a civil damage action in the Circuit Court of Cook County, Illinois (58–C–7219). Defendants named in this state court action were his stockbrokers, Hornblower and Weeks and the partners in that firm, including Arthur Lilly and Charles R. Perrigo. This complaint charged defendants with the breach of an alleged oral trust in handling plaintiff's speculation in the stock market. Charles T. Martin and J. William Hayton acted therein as attorneys for defendants.

The state court action was tried by a jury on January 18–26, 1961, resulting in a disagreement of the jury. The case has never been retried in the state court and is still pending. Honorable L. L. Winn, circuit judge, presided at the state court trial and Otto Spolar was assigned as circuit court bailiff to Judge Winn's courtroom.

On June 11, 1962, plaintiff filed the instant action in the United States District Court against Spolar, Martin, Hayton, Lilly and Perrigo. He sought to recover damages for alleged improprieties in the state court trial held in January, 1961.

It is conceded there is no diversity of citizenship present in this case. Plaintiff attempts to invoke jurisdiction of the federal courts by claiming he suffered a deprivation of his rights under the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States. He further alleges that the state court trial resulted in a hung jury to his resultant loss and damage because of an alleged violation of the Federal Civil Rights Acts, 42 U.S.C.A. §§ 1981–1988.

Plaintiff asserts jurisdiction under the Federal Civil Rights Acts, supra, by virtue of 28 U.S.C.A. §§ 1343 and 1331. His principal reliance is upon the holding in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). We believe this reliance is misplaced.

The acts complained of arose during the progress of the state court trial. In substance, plaintiff (a member of the Jewish faith) charges that defendants conspired with each other to defeat his cause of action in violation of his constitutional rights wherein Spolar, acting as court bailiff, directed a deputy sheriff not to "bring up any blacks or sheenies" for jury service; that Spolar referred to plaintiff as a "kid sitting in a wheelchair making out like he is a cripple"; that Martin and Hayton excused a Negro prospective juror; that during a recess

Spolar made derogatory remarks about plaintiff within hearing distance of the jurors who were then in the jury room; that during the deliberations of the jury Martin and Hayton attempted to overhear such deliberations and looked through the keyhole of the jury room door and from time to time made audible remarks to each other concerning the progress of the deliberations of the jury; and other charges in a similar vein against the bailiff and the lawyers.

For the reasons stated in our opinion today and under the authorities cited therein in the companion case of Skolnick v. Martin, et al., supra, we hold that, under the facts of the instant case, plaintiff's complaint does not state facts sufficient to state a claim under federal jurisdiction upon which relief could be granted.

This was a state court action between private parties in which the state merely furnished the forum and in which it had no interest. Those who are alleged to have conspired cannot be said to have been acting under color of state law within the meaning of the Federal Civil Rights Acts. The facts alleged do not support plaintiff's conclusory statements that his federal constitutional rights have been violated.

The abuses of which plaintiff complains arise out of private rights and rights conferred by state law. Johnson v. Stone, 7 Cir., 268 F.2d 803 (1959); Miles v. Armstrong, 7 Cir., 207 F.2d 284 (1953). Mere errors or irregularities in the state court proceedings are not sufficient to show a purposeful conspiracy to deny plaintiff due process. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Hanna v. Home Insurance Company, 5 Cir., 281 F.2d 298 (1960).

The federal courts do not guarantee a citizen against the loss of a private civil action due to alleged irregularities in the trial thereof in a state court.

Further, in accord with our holding today in Skolnick v. Martin, et al.,

supra, the trial court did not err in ruling on the motion to dismiss the complaint without hearing oral argument thereon. It was properly and adequately submitted on the motion, objections and briefs filed by the parties and considered by the trial court.

For the foregoing reasons, we hold that the judgment dismissing plaintiff's complaint must be affirmed.

Affirmed.