Mary Ethel BROWN and Peter S. Sarelas,
Plaintiffs-Appellants,

v.

Robert Jerome DUNNE, Anthony J. Kogut, Joseph J. McDonough, Anthony G. Girolami, Hollis L. Green, Cecil A. Partee and Anthony M. Anzalone, Defendants-Appellees.

No. 16745.

United States Court of Appeals
Seventh Circuit.

Feb. 13, 1969.

Peter S. Sarelas, Chicago, Ill., for plaintiffs-appellants.

John J. Stamos, State's Atty., Ronald Butler, Asst. State's Atty., Anthony M. Anzalone, Chicago, Ill., for defendants-appellees; Edward J. Hladis, Chief of Civil Division, James L. Coburn, Asst. State's Atty., of counsel.

Before KILEY, FAIRCHILD and KERNER, Circuit Judges.

KILEY, Circuit Judge.

The district court dismissed, on defendants' motions, plaintiffs' civil rights action [1] seeking an injunction to restrain the operation of parts of the Illinois Administration of Estates Act [2] and for a declaration of plaintiffs' rights.[3] Plaintiffs have appealed. We affirm.

Plaintiff Sarelas, a Chicago attorney, represented the late John W. Porter and held a power of attorney given to him by Porter February 10, 1966. His co-plaintiff Brown was one of three nurses Sarelas thereafter engaged to attend the ailing Porter. The complaint names as defendants a judge, a magistrate, the clerk and an associate clerk of the Circuit Court of Cook County, and three attorneys for Adele Vaseka, a former nurse of Porter.

Defendants' motions admitted the facts well pleaded: On February 17, 1966, Sarelas demanded that Adele Vaseka restore certain property obtained from Porter by "fraud" during her service. She thereupon retained as attorneys defendants Green, Partee and Anzalone. Adele Vaseka and the three attorneys, "without authority," by purporting to be empowered by the Illinois Administration of Estates Act, on February 18 "invaded" Porter's home and seized and kept Porter's property and induced him to revoke the Sarelas power of attorney.

On March 10, 1966, on petition of Vaseka's attorneys, Porter was declared incompetent, and defendant Green, one of the attorneys, was appointed conservator for him by virtue of a petition filed under Ill.Rev.Stat., Chap. 3, § 113, governing administration of estates. Thereafter a citation issued out of the Circuit Court of Cook County under Ill.Rev.Stat., Chap. 3, § 183, the Administration of Estates Act, against Sarelas ordering him to produce certain documents.

The complaint charges the clerks of court with abuse of process in "purporting" to issue summons and certify documents, writs and letters of conservatorship under the Administration of Estates Act, and malfeasance with respect to filing documents. The judge and magistrate are charged with "purporting" to enter orders in the Porter estate under the Administration of Estates Act, and with denying plaintiffs hearings due them. The attorneys are charged with criminal and tortious acts in abusing process by invading Porter's home, seizing and keeping his property, and interfering with Sarelas' attorney-client contract with Porter. As a result of all these charges, the complaint alleges denial of constitutional rights of due process and equal protection of law, denial of protection against impairment of contracts, and the right against unlawful seizure of one's property. Because of this result, plaintiffs allege that §§ 113 and 183 of Chap. 3, are unconstitutional since the statutes purport to empower the defendants to do the alleged unconstitutional acts.

Defendants filed, with their supporting briefs, motions to dismiss the complaint. Plaintiffs filed a response, with a supporting Memorandum of Authorities. The district court gave three reasons for the judgment of dismissal: (1) Plaintiffs' allegations in "essence" are that defendants misused a state forum and processes in causing the injury complained of and are insufficient to state a claim on which relief can be

1. 42 U.S.C. §§ 1981, 1983, 1988, to secure rights under Sec. 1 of the Fourteenth Amendment.

2. Ill.Rev.Stat., Chap. 3, §§ 113 and 183.

3. 28 U.S.C. § 2201.

granted. (2) Defendants are judges, clerks and lawyers, and the misconduct attributed to them was not under color of state law. (3) No substantial constitutional question is presented and a three-judge court, requested by plaintiffs, is not warranted. We think any one of the three reasons is sufficient to sustain the judgment, both with respect to the injunctive and the declaratory relief sought. However, we shall review each.

■ Plaintiffs argue that the defendants used the Illinois statutes "as a mask and shield for the commission" of the "criminal" and "tortious" conduct charged in the complaint.[4] This argument supports the district court's view that plaintiffs' real complaint is that defendants misused the statutes in a state forum. This does not present a denial of rights under the Fourteenth Amendment, or a claim upon which relief could be granted under the Civil Rights Act. Skolnick v. Spolar, 317 F.2d 857 (7th Cir. 1963); Skolnick v. Martin, 317 F.2d 855 (7th Cir. 1963).

■ Defendants Judge Dunne, Magistrate Kogut, McDonough, Clerk of the Circuit Court of Cook County, and Girolami, Clerk of the Probate Division of the Circuit Court of Cook County, are immune from liability for acts done in performance of their duties. Pierson v. Ray, 386 U.S. 547, 553–554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Cf. Ex parte Virginia, 100 U.S. 339, 25 L.Ed. 676 (1879). True, they are state officials, and the state has an interest in the officials performing their duties well. But the state has no interest in the outcome of this litigation in the Probate Court. Skolnick v. Martin, 317 F.2d 855 (7th Cir. 1963).

In Spires v. Bottorff, 317 F.2d 273 (7th Cir. 1963), this court, on appeal from dismissal of a civil rights case, considered whether the district court erroneously denied plaintiff leave to sue in forma pauperis because of frivolity of plaintiff's claim. The defendant judge

there, who had disqualified himself in a *coram nobis* proceeding, was charged with subsequently obtruding himself into the proceeding, interfering with the hearing proper, knowingly making a false affidavit and intimidating the public defender. On this showing, *inter alia,* this court on authority of United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1940), and Screws v. United States, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed. 1495 (1944), reversed the judgment of dismissal and stated that the finding that petitioner had not stated a claim on which relief could be granted was erroneous. The ground was that the defendant judge was not, under the allegations, performing judicial function so as to be immune.

■ The complaint in the case before us alleges that the judge, magistrate and clerks each performed a "ministerial function" in connection with the conservatorship and citation proceeding. This allegation suggests a nondiscretionary action which precludes the notion of deliberate unlawful conduct. But if the term "ministerial" is used as the Court in Ex parte Virginia, 100 U.S. 339, 348, 25 L.Ed. 676 (1879), used it, it is plain that the charges against the judge, magistrate and clerks comprehend judicial rather than ministerial functions, and therefore do not remove their official immunity. Mere errors or irregularities in the Probate Court proceedings are insufficient to show a denial of due process. Skolnick v. Spolar, 317 F.2d 857 (7th Cir. 1963).

■ The denial of a hearing on the motion to vacate the judge's orders, or the judge's alleged use of "insulting" language to Sarelas, does not present a constitutional question.

■ Attorneys Green, Partee and Anzalone under the facts alleged are lawyers who participated in the Circuit Court in private litigation, and consequently are not state functionaries within the meaning of the Federal Civil

---

4. We might note at this point that any alleged denial of the rights of Porter or his widow are not relevant to plaintiffs' claims before us.

**344**

Rights Act. Skolnick v. Martin, 317 F.2d 855 (7th Cir. 1963); Skolnick v. Spolar, 317 F.2d 857 (7th Cir. 1963). Moreover, since the complaint makes no showing that the judge, magistrate and clerks were not acting outside the ambit of their official function, they cannot have been guilty of deprivation of "any rights, privileges and immunities secured by the court and laws," and the three defendant attorneys could not be joined as "willful participants" with the judges and clerks in a denial of rights so as to come within the rule of United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). The Fourteenth Amendment protects against state action, not against individual action. *Id.*, at 799, 86 S.Ct. 1152.

We conclude that the district court was justified in deciding that the complaint stated no claim upon which relief could be granted, since no constitutional or civil rights question was presented. It follows that we think the district court did not err in refusing the request for a three-judge court to pass on the constitutionality of §§ 113 and 183 of Chap. 3, Ill.Rev.Stat. The denial of this request was within the discretion of the single judge's power. See Stamler v. Willis, 371 F.2d 413, 414 (7th Cir. 1966).

There is no merit to the contention that the dismissal order of the district court violated due process because it was made in "secret," without notice of hearing or jurisdiction. The court had jurisdiction in the first instance to determine the sufficiency of the complaint, *i. e.*, whether it presented a substantial federal question. Stamler v. Willis, *supra;* Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). This does not necessarily require a hearing on the motion to dismiss the complaint. Normally a reading of the complaint is sufficient. The court was within its discretion to determine if anything more than the pleading and motion was required. We see no abuse of the discretion. Certainly we see no denial of due process. And since there is no

showing here of what facts plaintiff would have alleged in addition to those before us, we cannot say the district court's denial of leave to amend the complaint constitutes an abuse of discretion or a denial of due process.

There is no showing that the district court judge abused his discretion in denying the motion for his disqualification on the ground of bias, and denying transfer of the case for reassignment. The grounds for the motion are insubstantial.

The judgment is affirmed.

KERNER, Circuit Judge (concurring).

I concur. I simply wish to make clear that we do not pass on the question of whether 42 U.S.C. § 1983 provides a federal cause of action against any state court plaintiffs who intentionally and maliciously use a knowing and willing state forum to deprive persons of constitutionally protected rights.