Renee TUNHEIM et al., Plaintiffs,

v.

Loretta BOWMAN, Individually and as Clerk of the Eighth Judicial District Court of Clark County, Nevada, et al., Defendants.

Civ. No. LV-2000.

United States District Court,
D. Nevada.

Nov. 29, 1973.

See also, 366 F.Supp. 1392.

**1396**

---

## ORDER DISMISSING ACTION AS TO DEFENDANT BROWN

BRUCE R. THOMPSON, District Judge.

The case is before the Court on the motion of defendant Jay H. Brown, an attorney, to dismiss the action as to him. Inasmuch as in presenting and opposing the motion, the parties have relied on matters outside the Complaint, particularly the deposition of Jay H. Brown, the motion should be treated as one for summary judgment. Section 12(b), Federal Rules of Civil Procedure.

The motion to dismiss on behalf of defendant Brown is predicated on the contention that an attorney at law, acting in a professional capacity on behalf of his clients in enforcing the clients' presumed rights, does not incur liability under the Civil Rights Statutes if another's civil rights are violated pursuant to his advice. We conclude that the principle is properly to be applied in this case.

It should be recognized, first, that a private individual, availing himself of the provisions of an unconstitutional state statute, acts "under color of law" despite the fact that he benefits in no other way from State aid and that no State officer has participated in his utilization of the statute. Klim v. Jones, 315 F.Supp. 109, 114 (D.C.Cal.1970). The question here presented is whether that individual's attorney, representing him in litigation pursuant to the statute, also acts "under color of law."

The case of Brown v. Dunne, 409 F.2d 341 (7th Cir. 1969), involved a dispute over the property of an incompetent. Plaintiff Sarelas, claiming to have a power of attorney from the incompetent, and plaintiff Brown, a former nurse of the incompetent, challenged the actions of Nurse Vaseka and her attorneys in seizing and holding the incompetent's property pursuant to process issued by the Clerk of Cook County, Illinois, under the authority of the State's Administration of Estates Act. The plaintiffs brought an action under 42 U.S.C. § 1983 against the clerk, magistrate and judge of the state court and against Vaseka's attorneys, charging that the Administration of Estates Act was unconstitutional and charging that defendants' actions pursuant to the Act deprived plaintiffs of their constitutional rights "under color of law."

The Seventh Circuit affirmed the District Court's dismissal of the complaint against all defendants and held, with regard to the action against the attorneys, that those defendants " * * * under the facts alleged are lawyers who participated in the [state ] Circuit Court in private litigation, and consequently are not state functionaries within the meaning of the Federal Civil Rights Act." *Brown, supra,* at 343–344. In the present case, as in *Brown,* the defendant is an attorney who represented a client in private litigation allegedly pursued to judgment by unconstitutional means. Although a private individual acting alone under an unconstitutional state statute acts "under color of law," *Brown* demonstrates that the individual's attorney representing him in litigation under that statute does not, based solely on that attorney-client relation, act "under color of law."

*Brown* represents the established position on this question. See: Meier v. State Farm Mut. Ins. Co., 356 F.2d 504 (7th Cir. 1966), cert. den. 385 U.S. 875, 87 S.Ct. 151, 17 L.Ed.2d 102; Sarelas v. Porikos, 320 F.2d 827 (7th Cir. 1963), cert. den. 375 U.S. 985, 84 S.Ct. 519, 11 L.Ed.2d 473; and Grubbs v. Slater, 144 F.Supp. 554 (D.C.Ky.1955). The Ninth Circuit has reached similar holdings in cases where prisoners have attacked the services of their defense attorneys in subsequent 1983 actions: Szijarto v. Legeman, 466 F.2d 864 (9th Cir. 1972), and Sinclair v. Spatocco, 452 F.2d 1213 (9th Cir. 1971).

What distinguishes the private individual who acts "under color of law" from his attorney who doesn't? According to Jones v. Jones, 410 F.2d 365 (7th Cir. 1969), this distinction rests on the fact that the individual employing the statute is a "party in interest" to the litigation and the attorney is not. *Jones* dismissed a 1983 action against attorneys who had represented the plaintiff's wife in allegedly unconstitutional litigation, holding that "lawyers *who are not also parties in interest* and are engaged in private litigation on behalf of clients do not act under color of state law within the meaning of 42 U.S.C. § 1983." *Jones, supra,* at 366. (Emphasis added.)

■ What is Brown's interest in the confession of judgment proceedings? Brown has an interest of some kind stemming from the fact that he is paid by the client for his services in the confession of judgment proceedings. It should also be noted that the debtor signing the confession of judgment agrees to pay a sum beyond the amount of his debt as attorney's fees if he defaults in his payments.

It is, nevertheless, well established that an attorney acquires no interest in litigation merely by reason of his receipt of fees for his services rendered therein. Clark v. United States, 57 F.2d 214 (W. D.Mo.1932):

"He [the attorney] is interested in it [the case] professionally, but in no sense as a party to it. He has no present pecuniary interest in the subject-matter. *The fact that he has a right by contract to participate in the proceeds of any judgment that may be obtained does not make him in any true sense of the word a party in interest.*" *Clark, supra,* at 215–216. (Emphasis added.)

*Clark* makes reference to a decision of the Ninth Circuit reaching a conclusion contrary to its own. Chetkovich v. United States, 47 F.2d 894 (9th Cir. 1931), was a per curiam opinion limited to the holding that a party could not sue in forma pauperis if his attorney had a contingent fee interest in the cause of action unless the attorney also was a pauper unable to pay the costs of the action. *Chetkovich* was subsequently overruled in Deadrich v. United States, 67 F.2d 318, 319 (9th Cir. 1933).

■■ But we are not here dealing with an attorney's interest so closely tied to litigation as in a contingent fee arrangement. The strongest link between Brown and the confession of judgment action is that the judgments require that the debtor *pay the creditor* an amount in compensation *for the creditor's expenses* in pursuing the judgment. This provision of damages belongs to the plaintiff-creditor, not his attorney:

"The right to attorneys' fees awarded as damages because incurred in litigation against third persons resulting from defendant's wrongful acts, belongs to the party, and not to his attorney. This rule is generally applicable in state as well as federal courts in any type of action in which such damages are awarded." Vol. 1, Speiser, Attorneys' Fees, § 13:5.

Plaintiffs outline other facts associating Brown with the confession of judgment actions:

1. Brown neither checked on CBC's procedures for getting debtors to agree

to the confessions of judgment nor outlined for CBC what such procedures should include.

2. Brown never checked the confessions of judgment forwarded to him to determine whether they were based on valid assignments.

Plaintiffs cite no authority indicating that these allegations, if true, would give Brown an interest in the confession of judgment proceedings or otherwise render his actions "under color of law."

It may seem anomalous that an attorney, trained in the law, does not act "under color of law" when he participates in unconstitutional judicial procedures which damage another, while, at the same time, his client is chargeable with conduct under color of law, but, on reflection, the reason for the distinction is clear. Absent a direct interest of the attorney in the litigation, it is only the client who stands to profit from procedures in deprivation of another's civil rights, and it is appropriate that he should be held, in a proper case, to respond in damages. An attorney acting only in a professional capacity cannot be held to judge at his peril with respect to the decision of difficult questions which divide the courts and provoke debate among legal scholars.

The standard to be applied in assessing a motion to dismiss is whether there is, beyond doubt, no fact which plaintiff could prove entitling him to relief. York v. Story, 324 F.2d 450, 453 (9th Cir. 1963); Ouzts v. Maryland Nat's Ins. Co., 470 F.2d 790, 792 (9th Cir. 1972). Even under this strict standard, we conclude that plaintiffs present no facts which, if proved, would entitle them to relief against Brown. Accordingly, it hereby is ordered:

Summary judgment is hereby granted dismissing the action as to defendant Jay H. Brown.