Leva **ADKINS, Administratrix of the Estate of Everett Adkins, Deceased,**
Plaintiff,

v.

The Hon. Robert C. **UNDERWOOD et al.,**
Defendants.

No. 73 C 2558.

United States District Court,
N. D. Illinois.

Jan. 16, 1974.

Harry M. Philo, Detroit, Mich., for plaintiff.

Bernard Genil, Fred F. Herzog, Asst. Attys. Gen., Chicago, Ill., Prof. Phillip B. Kurland, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion to dismiss the complaint for want of jurisdiction and for failure to state a claim upon which relief can be granted.

This is an action seeking to redress the alleged deprivation of the plaintiff's civil rights as guaranteed by Article IV and the Fourteenth Amendment to the United States Constitution and protected by 42 U.S.C. § 1983.

This Court allegedly has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

The plaintiff, in the complaint, alleges, *inter alia*, the following facts:

1. The plaintiff Leva Adkins is a citizen of the United States and a resident of the State of Michigan.

2. Defendants, The Honorable Robert C. Underwood, The Honorable Walter V. Schaefer, The Honorable Daniel P. Ward, The Honorable Joseph H. Goldenhersh, The Honorable Thomas E. Kluczynski, The Honorable Charles H. Davis, The Honorable Howard C. Ryan are and were at all times relevant to this complaint residents of the State of Illinois, and Judges of the Supreme Court of the State of Illinois; and defendants, The Honorable Dan H. McNeal and The Honorable Charles J. Smith are and were residents of the State of Illinois, and Judges of the Circuit Court of the County of Rock Island, State of Illinois.

3. On January 16, 1968, as administratrix of her husband's estate, the plaintiff filed a civil action in the Circuit Court of Rock Island County, in the State of Illinois, against the Chicago, Rock Island & Pacific Railroad Company, a Delaware corporation, doing business in Illinois, for damages resulting from the death of her husband when the tractor trailer he was driving was struck by defendant's train at a railroad crossing in Booneville, Iowa. Plaintiff, as administratrix of her husband's estate, had on October 18, 1966, filed a civil action in the Federal District Court for the Southern District of Iowa, Central Division, against the Chicago, Rock Island & Pacific Railroad Company for damages arising out of her husband's death. However, on November 9, 1967, plaintiff and defendant in that action stipulated to dismissal without prejudice and the case was ordered dismissed without prejudice in the Federal District Court in accordance with Rule 41(a)(1)(i)(ii) of the Federal Rules of Civil Procedure.

4. On May 14, 1968, plaintiff moved to amend her complaint to add as defendants three employees of the railroad, W. B. Throckmorton, W. B. Johnson, and R. V. Loftus, all residents of Illinois. On August 12, 1968, that motion was granted by defendant McNeal, trial judge for the action. Plaintiff dismissed her complaint against defendant Johnson only

on December 18, 1968. On August 12, 1968, defendant McNeal, trial judge for the action, denied the motion of the defendant railroad for dismissal for *forum non conveniens*. Defendants Throckmorton and Loftus have never agreed to submit to service of process in Iowa, or any forum other than Illinois; never requested dismissal for *forum non conveniens;* and in fact, there was no forum other than Illinois in which they could have been sued by plaintiff. The case proceeded to trial, and the jury returned a verdict for plaintiff against all defendants in the amount of four hundred forty-nine thousand seven hundred fifty-seven ($449,757) dollars.

5. The Appellate Court of the State of Illinois ordered a remittitur in the sum of one hundred ninety-nine thousand seven hundred fifty-seven ($199,757) dollars, and unanimously affirmed the judgment of two hundred fifty thousand ($250,000) dollars for plaintiff against all defendants.

6. On May 14, 1974 the Supreme Court of the State of Illinois reversed the verdict of the trial court and the Appellate Court in the action, on the grounds of *forum non conveniens* concluding, without a hearing on the issue, that plaintiff had joined the individual defendants in bad faith solely to gain access to the Courts of Illinois, and remanded the case to the trial court, with instructions to grant the defendant railroad's motion to dismiss for *forum non conveniens*. The Court in its opinion allegedly attached prejudice to plaintiff's earlier dismissal of a similar case upon order of the Federal Court that it was to be without preju-

dice. The Court denied rehearing on September 27, 1973.[1]

7. If dismissal

McNeal or Judge Smith, defendants herein, plaintiff will be denied such access to the Illinois court as is available to the citizens of Illinois allegedly in violation of the privileges and immunities clause of the Constitution of the United States (Article IV, Section 2) and denied the equal protection of the laws guaranteed by Section 1 of the Fourteenth Amendment to the United States Constitution. If the motion to dismiss is granted, plaintiff will allegedly be denied the due process of law guaranteed by Section 1 of the Fourteenth Amendment to the Constitution of the United States in that:

a. plaintiff has never had an adversary hearing on the question of her good faith in suing the individual defendants or on the convenience of an alternate forum; and

b. if the case is dismissed, plaintiff will BE forced to retry a case which has already been tried at great cost to her in time and money before a court of competent jurisdiction; she will again be forced to expend that time and money and will not be able to sue the two individual defendants.

8. Since the case has been heard by the highest Illinois court, plaintiff is without an adequate remedy at law. Plaintiff applied for rehearing by the highest Illinois court and rehearing was denied.

9. If the motion to dismiss is granted, plaintiff will allegedly suffer immediate and irreparable injury in that:

a. she will be unable to proceed against the individual defendants as there is no forum other than

---

1. See Adkins v. Chicago, Rock Island & Pacific Railroad Co., Ill., 301 N.E.2d 729 (1973).

Illinois in which they can be sued;

b. she will be forced to relitigate issues which have already been adjudicated in a court of competent jurisdiction; and

c. the decision is further violative of Federal law in that the Illinois Supreme Court attaches prejudice to the dismissal ordered to be without prejudice by the Federal District Court in Iowa.

10. Plaintiff asks this Court to issue a temporary restraining order and preliminary injunction directing that defendants McNeal and Smith not grant the motion to dismiss in the State of Illinois Civil Action titled LEVA ADKINS, as Administratrix of the Estate of Everett Adkins, deceased vs. CHICAGO, ROCK ISLAND & PACIFIC RR CO. et al., and reinstate the judgment of the Appellate Court in the State of Illinois in that action; and upon final hearing of this cause, a declaratory judgment and permanent injunction be entered by this Court:

a. declaring that the action by the defendant Illinois Supreme Court judges in ordering dismissal of the above case was unconstitutional as violating plaintiff's rights under Article IV, Section 2 and the Fourteenth Amendment, Section 1 of the United States Constitution; and

b. permanently enjoining defendants from ordering the case dismissed or dismissing the case and directing them to reinstate the judgment below.

The defendants, in support of their motion to dismiss, contend that:

1. This Court lacks jurisdiction to act as a court of direct review for judgments rendered by the Illinois Supreme Court.

2. The plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

3. The defendants are all Justices of the Illinois Supreme Court and Judges of the Circuit Court of Rock Island County and are immune from suit based on their activities performed in the course of their judicial duties.

4. The action is barred by collateral estoppel.

5. There is an absence of indispensable parties to this action.

The plaintiff, in opposition to the instant motion, contends that this Court has jurisdiction over the instant controversy and that the allegations in the complaint are sufficient to adequately state a cause of action.

I. THE PLAINTIFF IN THE COMPLAINT FAILS TO ADEQUATELY STATE A CLAIM UNDER 42 U.S.C. § 1983 ON WHICH RELIEF CAN BE GRANTED.

This is not an action to enjoin a proceeding pending in a state court. This is an action to enjoin the enforcement of a final judgment rendered by the highest court of the State of Illinois. This is not an action to enjoin prosecutors or other state officials from further state court proceedings. It is an action to review the validity of judicial actions performed within the judicial functions assigned by state law.

Whether or not there may be circumstances in which an injunction may lie to prevent or preclude judges from performing their official functions, there is no authority whatsoever to suggest, as is suggested in the instant action, that they may be called to account, by way of either legal or equitable relief, for the propriety of judgments that they have already rendered. See Brown v. Dunne, 409 F.2d 341 (7th Cir. 1969).

The doctrine of judicial immunity is not for the protection or benefit of a malicious or corrupt judge but for

the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences. It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. Since a judge is just as human as those he judges, his errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may pursue him with litigation charging malice, corruption or deprivation of civil rights. To impose such a burden on judges would not contribute to just and fearless decision-making but to decisions made under the veil of intimidation. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

■ The Civil Rights Act of 1871, 42 U.S.C. § 1983, creates no claim that may be asserted against judges acting within their judicial capacities in order to destroy a final judgment of a state court. Brown v. Dunne, *supra*; Goss v. State of Illinois, 312 F.2d 257 (7th Cir. 1963); Skolnick v. Spolar, 317 F.2d 857 (7th Cir. 1963).

■ By commencing this civil rights suit in federal court after the adverse ruling of the Illinois Supreme Court and before the United States Supreme Court has had an opportunity to rule on this matter, the plaintiff seeks to thwart the final state court judgment by relitigating in a trial *de novo* the very issues that had been litigated in the state trial court and on appeal. If this newly proposed appellate procedure is permitted, many state civil cases will not only face chaos but also uncertainty and unenforceability. Mere errors and irregularities occurring in a judicial proceeding are to be differentiated from a situation wherein the proceeding itself is a sham or nullity. Sarelas v. Sheehan, 326 F.2d 490 (7th Cir. 1963), cert. denied 377 U.S. 932, 84 S.Ct. 1334, 12 L.Ed.2d 296 (1964). The federal courts and the federal civil rights acts do not guarantee a citizen against the loss of a private civil action due to alleged irregularities such as in the instant action in the state court trial and appeal. It is clear that the instant complaint fails to state a proper cause of action because the defendant judges are immune from the instant action because they were merely performing their official judicial duties.[2]

## II. THIS COURT LACKS JURISDICTION TO ACT AS A COURT OF ERRORS AND APPEALS TO REVIEW THE JUDGMENT OF A STATE SUPREME COURT.

■ It appears that the plaintiff in the instant action is seeking to have this Court review the propriety of the judgment of the Illinois Supreme Court, to reverse that judgment and to reinstate the judgment of an intermediate Illinois Appellate Court. This Court is not authorized or competent to perform the function of reviewing state court decisions.

While lower federal courts were given certain power in the Judiciary Act of 1789, they were not given any power to directly review cases from state courts, and they have not been given such powers since that time. Atlantic Coast Line Railroad Co. v. Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). Only the Supreme Court is authorized to review on direct appeal the decision of

2. The instant action is clearly distinguishable from the case of Mitchum v. Foster, 407 U. S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) which the plaintiff heavily relies on. In the instant case, there is no state statute allegedly unconstitutional "on its face"; there is no allegation of bad faith or harassment; the state suit is not a criminal proceeding which by its nature could result in a "chilling effect" on First Amendment rights. The instant state suit was initiated by the plaintiff. Further, there is no pending state proceeding which can be enjoined. The plaintiff in the instant action comes to this court seeking to reverse or to avoid or to nullify a final judgment from the highest state court in Illinois in a civil action.

state courts. From the beginning this country has had two essentially separate legal systems. Each system, federal and state, proceeds independently of the other with ultimate review in the United States Supreme Court of federal questions raised in either system.

■■ Even if a state court decision is constitutionally wrong, that does not make the judgment void, it merely leaves it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication. Under the legislation of Congress, no court of the United States other than the United States Supreme Court can entertain a proceeding to reverse or modify a state court judgment which is in error. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

Accordingly, it is hereby ordered that the defendants' motion to dismiss is granted and the cause is dismissed.