**Paul MEDVED, Plaintiff,**

v.

**E. Harold HALLOWS et al.,
Defendants.**

**Civ. A. No. 73–C–469.**

United States District Court,
E. D. Wisconsin.
May 9, 1975.

Paul Medved, pro se.

James H. Petersen, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION AND ORDER

JOHN W. REYNOLDS, Chief Judge.

This is an action against the seven justices of the Wisconsin Supreme Court seeking injunctive relief. Plaintiff, appearing *pro se*, has alleged violations of the state and federal constitutions as well as various state statutes by the defendants' actions of affirming a lower court's dismissal of a civil action which plaintiff had instituted. See, Medved v. Baird, 58 Wis.2d 563, 207 N.W.2d 70 (1973). The defendants have filed a motion seeking dismissal of the action on the alternative grounds that the complaint fails to state a claim upon which relief can be granted and that there is an absence of subject matter jurisdiction. For the reasons hereinafter indicated, defendants' motion is granted.

■■ The complaint alleges that jurisdiction is present under 28 U.S.C. § 1343(3). Although the specific statutory provisions under which plaintiff is suing is not stated in the complaint, it is apparent that the constitutional violations plaintiff seeks to raise would fall within the language of 42 U.S.C. § 1983. A fair and liberal construction of a complaint is especially appropriate where the plaintiff is appearing *pro se*. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Thus, there is sufficient subject matter jurisdiction to rule on whether the complaint fails to state a claim upon which relief can be granted. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

The defendants have argued that this action, in which plaintiff seeks injunctive relief, is barred by the doctrine of judicial immunity. Although by its own terms § 1983 applies to "every person," the Supreme Court has established a doctrine of judicial immunity in § 1983 actions where damages are sought. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The *Pierson* Court did not rule, however, that the judicial immunity doctrine was applicable

when an action under § 1983 seeks injunctive relief.

Cases subsequent to *Pierson* have generally refused to extend the doctrine of judicial immunity to bar § 1983 actions against state court judges where injunctive relief is sought. See, e. g., Littleton v. Berbling, 468 F.2d 389 (7th Cir. 1972), rev'd on other grounds, sub nom. O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); White v. Fleming, 374 F.Supp. 267 (E.D. Wis.1974); Wallace v. McDonald, 369 F.Supp. 180 (E.D.N.Y.1973); Staud v. Stewart, 366 F.Supp. 1398 (E.D.Pa. 1973); Stephen v. Drew, 359 F.Supp. 746 (E.D.Va.1973); Bramlett v. Peterson, 307 F.Supp. 1311 (M.D.Fla.1969). Contra, Adkins v. Underwood, 370 F. Supp. 510 (N.D.Ill.1974).

■ The defendants have argued, however, that they should be granted immunity from federal injunctive relief under § 1983 because they are appellate justices and not trial court judges. This argument, however, is unpersuasive. While appellate justices may be subject to fewer instances of liability under § 1983 than trial court judges, this fact does not necessitate the creation of a broad judicial immunity from injunctive relief.

■ Although this action is not, therefore, barred by the doctrine of judicial immunity, the complaint does fail to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. It is true that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also, Haines v. Kerner, supra, and White v. Flemming, supra. Nevertheless, even a charitable review of the instant complaint demonstrates its insufficiency.

■ As previously indicated, the plaintiff's claims arise out of the Wisconsin Supreme Court's affirmance of a lower court's dismissal, with prejudice, of a civil action. Plaintiff alleges that the defendants (1) failed to rule on the issue of whether several causes of action were improperly united in the complaint; (2) ignored the alleged fact that the attorney for the defendants in the civil action gave a verbal answer to the complaint at a hearing before the lower court; (3) stated that inconsistent grounds for a demurrer were of no moment; (4) ignored precedents allegedly establishing that a civil plaintiff can cure a defective complaint by means of general or express statements; (5) erroneously quoted a statement made by the lower court; (6) misstated plaintiff's contentions regarding the trial court's actions; (7) ignored plaintiff's plea that as a layman he was unable to comply with the lower court's order to make the complaint more definite and certain; and (8) pretended that the complaint was insufficient in order to protect the police.

These allegations do not sufficiently allege a violation of a federal constitutional or statutory right. Rather, they are claims that the defendants did not correctly apply state law. This is frivolous, since the Wisconsin Supreme Court is the final and authoritative interpreter of state law. Even assuming that a decision of that court on state law could somehow be termed incorrect, this would not give rise to a cause of action under § 1983, since that section only protects against the deprivation of federal constitutional and statutory rights. See, Brown v. Dunne, 409 F.2d 341 (7th Cir. 1969); Skolnick v. Spolar, 317 F.2d 857 (7th Cir. 1963), cert. denied, 375 U.S. 904, 84 S.Ct. 195, 11 L.Ed.2d 145, rehearing denied, 375 U.S. 960, 84 S.Ct. 439, 11 L.Ed.2d 318 (1963). Accordingly, the motion to dismiss will be granted.

It is therefore ordered that the defendants' motion to dismiss the above-entitled action be and it hereby is granted.