**J. Patrick DOHM, Plaintiff,**

v.

**CITY OF ROCKFORD, ILLINOIS, an Illinois Municipal Corporation, Charles E. Box, individually and as City of Rockford Legal Director, Kathleen Elliott, individually and as City Attorney for the City of Rockford, Ronald W. Malmberg, individually and as City of Rockford Finance Director, and John F. McNamara, individually and as Mayor of City of Rockford, Defendants.**

**No. 85 C 20292.**

United States District Court,
N.D. Illinois, W.D.

Sept. 22, 1986.

J. Patrick Dohm, pro se.

Franklin Cook, City of Rockford, Dept. of Law, Rockford, Ill., for defendants.

## MEMORANDUM OPINION

KOCORAS, District Judge:

The plaintiff, J. Patrick Dohm, alleges in his complaint that procedural irregularities during his criminal prosecution by the City of Rockford for failure to pay penalties for ninety-two parking violations deprived him of his civil rights in violation of 42 U.S.C. §§ 1983 and 1985 and constituted state law torts. This court previously dismissed the section 1985 and state law claims against all defendants and the section 1983 claims against all but two defendants. The two remaining defendants, John McNamara, the mayor of the City of Rockford, and Ronald Malmberg, the city's finance director, have renewed their motions to dismiss the section 1983 claims. Dohm has amended those claims previously dismissed; the defendants have again moved to dismiss these claims for failure to state a claim upon which relief can be granted. For the following reasons, both motions to dismiss will be granted.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). To further this end, a court must construe pleadings liberally, and mere vagueness or lack of detail does not constitute a sufficient ground for dismissal. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985) (citing J. Moore and J. Lucas, 2A Moore's Federal Practice ¶ 12.08 at 2274, 2285 (1984)).

Read liberally, Dohm's original complaint alleges that the criminal complaints did not satisfy the Federal Rules of Criminal Procedure; the Illinois Supreme Court Rules; Illinois Revised Statutes, chapter 38, sections 111–1 and 3; the Illinois Constitution; and the Fourth, Sixth and Fourteenth Amendments to the U.S. Constitution. Because these provisions either do not apply to Dohm's prosecution, do not support a cause of action under 42 U.S.C. § 1983, or were not violated, the section 1983 claims against McNamara and Malmberg must be dismissed. The court will, however, discuss the allegations briefly.

■ First, the complaint alleges that the defendants failed to comply with the Federal Rules of Criminal Procedure. By their own terms, the Federal Rules of Criminal Procedure apply only to criminal proceedings in federal courts, Fed.R.Crim.P. 1, and, therefore, did not apply to Dohm's prosecution in state court for municipal ordinance violations.

■ Dohm also alleges that the defendants violated the Illinois Supreme Court Rules, Illinois statutes, and the Illinois Constitution. Violations of state law, without more, are insufficient, however, to state a cause of action under 42 U.S.C. § 1983. *See Brown v. Dunne*, 409 F.2d 341, 343 (7th Cir.1969).

Dohm's Fourth Amendment claim stems from his belief that the arrest warrant was not issued upon probable cause. More specifically, Dohm complains that the complaints were not sworn to by an eyewitness, that the complaints were sworn on information and belief, that the complaints did not set forth operable facts upon which the judge could form an opinion as to the existence of probable cause, and that the statement that Dohm failed to pay the penalties as provided in the city ordinance was false.

The Fourth Amendment requires that before an arrest warrant issues, the complainant must produce credible evidence from which an impartial judicial officer may reasonably conclude that there is probable cause to believe a crime has occurred

and to believe the person for whom the warrant is sought committed the crime. *See, e.g., Spinelli v. United States,* 393 U.S. 410, 415, 89 S.Ct. 584, 588, 21 L.Ed.2d 637 (1969); *Johnson v. United States,* 333 U.S. 10, 13–14, 68 S.Ct. 367, 368–69, 92 L.Ed. 436 (1948). The probable cause standard may satisfied with hearsay information. *Jones v. United States,* 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960).

■ Here the complaining witness, defendant Malmberg, was not an eyewitness to the parking violations. Malmberg presented to the judge copies of parking tickets issued by police officers who did witness the parking violations. As city finance director, Malmberg could determine from his own records that the penalties for those violations had not been paid. From this information, the judge could reasonably find probable cause to believe that Dohm had committed numerous parking violations and had failed to pay the penalties in violation of the city ordinance.

Dohm alleges that the criminal complaints filed against him did not meet the Sixth Amendment's notice requirement. The Sixth Amendment requires that a defendant be informed of the nature and cause of the charges against him to permit him to prepare an adequate defense and to permit him to plead his acquittal or conviction as a defense in other proceedings brought against him for the same offense. *Calley v. Callaway,* 519 F.2d 184, 226 (5th Cir.1975), *cert denied,* 425 U.S. 911, 96 S.Ct. 1505, 47 L.Ed.2d 760 (1976).

■ Three criminal complaints charged Dohm with a total of ninety-two parking violations. The first of these complaints, # 14930, states that the complainant Malmberg has probable cause to believe that Dohm committed numerous parking offenses in violation of chapter 16, sections 128–172 of the City of Rockford's Code of Ordinances. The complaint identifies a vehicle registered to Dohm which was in violation of the city's parking ordinance on thirty-three occasions from October 2, 1981 through March 7, 1983; copies of the tickets issued on those occasions were attached to the complaint. The complaint further states that Dohm failed to pay the penalties for these violations as required by a specified section of the ordinance.

The second complaint is essentially the same as the first, but covers forty-two parking violations which occurred from October 5, 1981 to November 6, 1982; the third complaint covers seventeen violations on March 16, 1983 to February 24, 1984. After the complaints were filed, the City of Rockford prepared bills of particulars, listing the ticket number, date, ordinance violated, location, and the name of the ticketing officer for each violation.

These complaints and the accompanying bills of particulars adequately apprise Dohm of the charges against him to fulfill the purposes of the Sixth Amendment. He was supplied with enough information to prepare a defense to the charges. The charges contain sufficient detail, notably the ticket number, and the date, time, and location of the violations, to enable Dohm to plead his conviction as a bar to any later proceedings arising out of the same violations.

■ Dohm's Fourteenth Amendment claim appears to be twofold. First, Dohm alleges that because the Fourteenth Amendment incorporates rights secured by the Fourth and Sixth Amendments, his Fourteenth Amendment rights were violated by the same actions which violated his Fourth and Sixth Amendment rights. The court has already determined, however, that Dohm's Fourth and Sixth Amendment rights were not violated. Second, Dohm alleges that he was denied substantive due process. The essence of the substantive due process claim is that he was deprived of property and liberty through the arbitrary and capricious action of the City of Rockford in its wrongful initiation of criminal process. The city's actions were in accord with the municipal code of the State of Illinois, Ill.Rev.Stat., ch. 24, § 1–2–9, and the court is not persuaded that the procedure set forth in that statute is arbitrary or unreasonable.

Dohm also seeks to amend those portions of his complaint which the court dismissed

in its earlier ruling. Because the earlier ruling resulted in the dismissal of only some claims and some defendants, but not the entire action, Dohm retained his right to amend once without leave of court. *See Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir.1984). Defendants have moved to dismiss the amended complaint.

This court previously dismissed claims brought under 42 U.S.C. § 1983 against the City of Rockford on the ground that no policy, custom or practice was alleged and against defendants Box and Elliott on the ground that they are immune from liability for acts committed in the scope of their duties as prosecuting attorneys. Dohm has amended his complaint to allege a custom or policy on behalf of the City (Amendment I) and to allege that Box and Elliot acted in their administrative or individual capacities (Amendment IV). In this ruling, however, the court has determined that Dohm's claims under 42 U.S.C. § 1983 are without merit, either because they alleged violations of state law or because the factual allegations would not support a finding that Dohm had been deprived of rights protected by the federal Constitution. This determination renders the amendments futile.

■ Amendments II, III and V relate to state law tort claims. After dismissal of all of the federal claims, this court lacks jurisdiction over the state law claims. *See Blau Plumbing, Inc. v. S.O.S. Fix–It, Inc.*, 781 F.2d 604, 611 (7th Cir.1986).

In Amendment VI, Dohm added eighty counts to his complaint. Each of these counts is based on a single traffic ticket and realleges the allegations in Count I. All of the allegations in Count I have now been dismissed, however, and the new allegations do not cure the deficiencies of those claims.

Amendment VII merely alters the prayer for relief; it does not state any claim for relief.

Because both the original and amended complaints fail to state a claim upon which relief may be granted, the defendants' motions to dismiss are granted.