Thomas Lee **STEPHEN**

v.

Lewis Harrison **DREW** et al.

Civ. A. No. 154–73–R.

United States District Court,
E. D. Virginia,
Richmond Division.

June 1, 1973.

---

4. Interstate Commerce Commission v. Atlantic Coast Line R. Co., 383 U.S. 576, 595, 86 S.Ct. 1000, 16 L.Ed.2d 109 (1969).

Helen S. Lane, Arlington, Va., John Joseph Matonis, Washington, D. C., for plaintiff.

McGuire, Woods & Battle, Rosewell Page, III, Wicker, Goddin & Duling, C. Hobson Goddin, John W. Crews, Asst. Atty. Gen. of Virginia, Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Thomas Lee Stephen, the plaintiff in this action, brings suit against the Dean of Students, the College Psychologist and the College Physician of Hampden-Sydney College, the College itself, Westbrook Psychiatric Hospital, Inc., and the Judge and Clerk of Court of the Prince Edward County Court. Jurisdiction is asserted by virtue of 28 U.S.C. §§ 1331 and 1332 and, presumably, § 1343. The defendants Westbrook Psychiatric Hospital, Kathleen Morris, Clerk of the Prince Edward County Court, and the Honorable William P. Hay, Judge of the Prince Edward County Court, have filed motions to dismiss. The plaintiff, though given an opportunity to respond to these motions, has not done so. The matter is now ripe for disposition.

The rather sketchy allegations of the complaint make difficult the Court's task of ruling on the motions to dismiss. Apparently, the plaintiff alleges that on February 4, 1972, the defendant officials of Hampden-Sydney College caused him to be committed involuntarily to Central State Hospital for what is termed a "nonexistent mental illness". It is alleged that these same defendants caused him to be transferred to the defendant Westbrook on February 5, 1972, where he remained against his will for a period of three days. It is alleged that the agents and servants of Westbrook negligently diagnosed and treated the plaintiff and thus failed to discharge him

until February 8, 1973. On the basis of these allegations, Stephen asserts claims based upon 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and apparently upon the common law torts of medical malpractice and false imprisonment. He seeks one million dollars damages, the expunction from all public records of his name in connection with mental illness or commitment to a mental institution, and an injunction against the transfer of any records or information concerning his alleged mental illness.

■ In support of their motion to dismiss, the defendants Morris and Hay have not submitted a memorandum, but instead a lengthy list of authorities. The Court has examined those authorities noted by the defendants as being the most important and finds them to deal with the doctrine of judicial immunity. Assuming that this is the theory upon which Morris and Hay base their motion, it must be denied. It is true that judges enjoy an absolute immunity from a suit for damages. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972). They do not, however, enjoy total immunity from actions for declaratory or injunctive relief. Fowler v. Alexander, 478 F.2d 694 (4th Cir. 1973). Clerks of Court enjoy no immunity at all. Although some decisions have articulated a "quasi-judicial immunity" for clerks, the Court of Appeals for the Fourth Circuit, by whose opinions this Court is bound, has firmly rejected this doctrine for actions brought pursuant to the Civil Rights Act. McCray v. Maryland, 456 F.2d 1 (1972). Accordingly, the defendant Morris is not entitled to an order of dismissal.[1] Furthermore, the Court cannot dismiss the defendant Hay at this time either. While he is unquestionably immune from monetary damages, it may be that, in order to secure complete relief for the plaintiff if he prevails, an injunctive order would have to issue against Hay as well as against Morris.

■ The defendant Westbrook Hospital bases its motion to dismiss on the fact that the complaint fails to allege that the Virginia involuntary commitment procedures are illegal or that Westbrook Hospital in any way departed from those procedures in its handling of the plaintiff. It is further urged that Westbrook was exercising a quasi-judicial role and is thus immune from suit.

Reading the complaint with the full liberality which a district court is duty bound to afford a plaintiff, Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957), the Court cannot say "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S.Ct. at 102. Stephen's essential allegation against Westbrook is that its agents and servants wrongfully failed to discharge him as soon as he was transferred there. If true this allegation might well support a claim for malpractice or for false imprisonment, among others. Furthermore, the plaintiff has alleged a conspiracy to deprive him of his civil rights. 42 U.S.C. § 1985. If he can prove that agents or servants of Westbrook were involved in such a conspiracy, he may be entitled to relief on this theory. Westbrook's claim of judicial immunity is not supported by any case authority and, in light of the rationale for judicial immunity as articulated in McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972), the Court must conclude that it is not protected by such immunity.

Both motions to dismiss will be denied. An order in accordance with this memorandum will issue.

---

1. It would appear from the complaint that the only relief sought against Ms. Morris is injunctive in nature. She would thus be subject to this suit even if there did exist a quasi-judicial immunity from damages for court clerks.