Patricia Brown NELSON, on behalf of
herself and all others similarly
situated, Plaintiff,

v.

The Honorable Robert J. ROGERS, Judge
of the Circuit Court, Twenty-Third Judi-
cial Circuit of Virginia, Defendant.

Civ. A. No. 74–231.

United States District Court,
W. D. Virginia.

Feb. 21, 1975.

Henry L. Woodward, Roanoke, Va., for
plaintiff.

Henry M. Massie, Jr., Asst. Atty.
Gen., Richmond, Va., for defendant.

OPINION and ORDER

JAMES C. TURK, Chief Judge.

This is a suit for declaratory and in-
junctive relief brought by Patricia Nel-
son against The Honorable Robert T.
Rogers, Judge of the Twenty-Third Ju-
dicial Circuit of the Commonwealth of

Virginia, in his official capacity. Plaintiff asks that a three-judge court be convened pursuant to 28 U.S.C. §§ 2281 and 2284; that Sections 8–72 [1] and 20–104 [2] of the Code of Virginia of 1950 as applied by the Virginia courts be declared to be in violation of the Fourteenth Amendment of the United States Constitution; and that an injunction be entered restraining the defendant from applying these statutes so as to require plaintiff to pay the costs of service by publication before proceeding with her divorce and ordering defendant to permit service by another method at no cost to plaintiff. Jurisdiction of this suit is pursuant to 28 U.S.C. § 1343(3) and (4). The Assistant Attorney General of Virginia, who is representing the defendant, has moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6).

Briefly stated, the complaint alleges as follows: Plaintiff is an indigent whose sole source of income for herself and three children is a public assistance grant of $264 per month. Plaintiff's husband deserted her in March 1972; she has not seen him since and does not know his present residence other than that she last heard he was in Texas.

Plaintiff sued for divorce in the Circuit Court for the City of Roanoke and her case came to be heard by Judge Rogers, the defendant herein. As permitted by Section 14.1–183 of the Virginia Code, Judge Rogers ordered that filing fees and other costs payable to officers of the State be waived; however, he denied plaintiff's petition to allow an exception to Sections 8–72 and 20–104 of the Virginia Code requiring service by newspaper publication for non-resident divorce defendants who cannot be located with due diligence.

In her petition before Judge Rogers plaintiff requested on the basis of her indigency that an order be entered allowing her either to proceed by publication at state expense or by service by mail to her husband's last known address and posting of notice on the courthouse door. In his opinion denying the petition, Judge Rogers indicated that he had no authority to grant the relief requested and that if relief were to be judicially granted, it should be done so on the appellate level where the effect would be state-wide. However, Judge Rogers noted that in the previous case of Payne v. Payne, Chancery No. 2390–71, a similar petition had been denied by the Circuit Court for the City of Roan-

---

[1]. § 8–72. *What order of publication to state; how published; when publication in newspaper dispensed with.*—Every order of publication shall give the abbreviated style of the suit, state briefly its object, and require the defendants against whom it is entered, or the unknown parties, to appear within ten days after due publication thereof and do what is necessary to protect their interests. It shall be published once a week for four successive weeks in such newspaper as the court may prescribe, or, if none be so prescribed, as the clerk may direct, and shall be posted by the clerk, at the front door of the courthouse of the county or corporation wherein the court is held, on or before the next succeeding rule day after it is entered; and the clerk shall also mail a copy thereof to each of the defendants to the post-office address given in the affidavit required by the preceding section; and the clerk shall file a certificate of the fact in the papers of the case; but the court, or the judge thereof in vacation, may, in any case, if deemed

proper, dispense with such publication in a newspaper.

[2]. § 20–104. *Order of publication against nonresident defendant.*—When in a suit for annulment or divorce, either a vinculo matrimonii or a mensa et thoro, affidavit shall be filed that the defendant is not a resident of the State of Virginia, or that diligence has been used by or on behalf of the plaintiff to ascertain in what county or corporation such defendant is, without effect, an order of publication shall be entered against such defendant by the court, or by the clerk of the court wherein such suit is pending, either in term time or vacation, which order shall state the object of the suit and the grounds thereof, and the order of publication shall be published as required by law. No depositions in the suit shall be commenced until at least ten days shall have elapsed after the order of publication has been duly published as required by law.

oke and the Virginia Supreme Court had thereafter denied a Petition for a Writ of Error apparently on the ground that the appeal order was not final. The plaintiff in *Payne* then sought a writ of mandamus from the Virginia Supreme Court to compel the granting of the petition to allow cost-free service to indigents, but this too was denied without a statement of reason.[3]

Plaintiff asserts that Sections 8–72 and 20–104 of the Code of Virginia as applied by the defendant deny her due process of law and equal protection of the laws as guaranteed by the Fourteenth Amendment. The Assistant Attorney General opposing plaintiff has conceded that a substantial constitutional question is presented but argues that the complaint should be dismissed at this stage because the named defendant is a state judge and as such is immune from suit under 42 U.S.C. § 1983. He also argues that plaintiff's request for injunctive relief is in the nature of an appeal and that the appropriate avenue for relief is by way of direct appeal to the Virginia Supreme Court.[4]

In Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967), the Supreme Court held that judges are immune from liability for damages for acts committed within their judicial discretion, however the issue of a judge's immunity from suits for injunctive relief was not decided by that case and has not been specifically addressed by the Court. In Littleton v. Berbling, 468 F.2d 389 (7th Cir. 1972), rev'd sub nom. on other grounds, O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)

the Seventh Circuit concluded in a well-reasoned opinion that judicial immunity does not extend to suits for injunctive and declaratory relief. The Fourth Circuit followed this decision in Fowler v. Alexander, 478 F.2d 694 (4th Cir. 1973), which of course is controlling in this court.[5] *Accord*, Stephen v. Drew, 359 F.Supp. 746 (E.D.Va.1973).

■ In addition, sound reasons exist for not applying the doctrine of judicial immunity in this case. First, the issues presented in this suit are solely questions of law which do not present a risk of inconvenience or personal loss to Judge Rogers. Second, the Assistant Attorney General, who is representing the defendant has been either unwilling or unable to suggest another defendant who could adequately assume an adversary position to plaintiff in this litigation, and the court is not aware that another such defendant exists. This court, and probably plaintiff's counsel as well, would prefer that a party other than a judge be the named defendant; however, plaintiff's controversy is with Judge Rogers' application of state statutes and as such, the logical and seemingly only appropriate defendant is the judge.

■ Finally, this court is unpersuaded that this case is in the nature of a direct appeal from a state court and offends notions of comity and federalism. Counsel for defendant appears to argue that plaintiff should seek redress for the alleged violations of her constitutional rights by way of a direct appeal to the Virginia Supreme Court. Although

3. The plaintiff in *Payne* appealed the denial of a writ of mandamus to the United States Supreme Court which denied certiorari on January 14, 1974. Payne v. Fox, 414 U.S. 1139, 94 S.Ct. 889, 39 L.Ed.2d 96 (1974).

4. Although this court has set forth its thoughts on the issues raised by defendant's motion to dismiss, in the face of a substantial constitutional issue being presented, a three-judge court is the proper forum in which to present these issues. *Cf.* Doe v. Lukhard, 493 F.2d 54 (4th Cir. 1974). They may thus be renewed before such a court.

5. It is also perhaps noteworthy that two of the defendants in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) were state judges. The three-judge district court which initially heard the case concluded that immunity for judges did not extend to suits for an injunction or mandamus, 286 F.Supp. 968, 971 (D.Conn.1968); however, this issue was not considered on appeal by the Supreme Court.

strong considerations of public policy preclude federal court interference in pending state actions except in certain narrowly defined cases, *see* Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 (1971); Lynch v. Snepp, 472 F.2d 769 (4th Cir. 1973), the present case appears to be clearly appropriate for federal court adjudication of the constitutional issues raised by plaintiff's complaint. It is true that in a technical and attenuated sense plaintiff's divorce action may be said to be "pending" in state court, however that proceeding is stymied because of allegedly unconstitutional state statutes which in effect deny her access to state courts for the purpose of securing a divorce. Her injury is clearly immediate, great and irreparable.

Furthermore, there can be little doubt in light of Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), that plaintiff's suit raises substantial questions of constitutional law. Plaintiff has a right to have her claims adjudicated, yet there is a serious question whether the state courts will afford her that opportunity. As noted in Judge Rogers opinion discussed above, the case of Payne v. Payne, Chancery No. 2390–71, presented the same constitutional issues as the present case, and despite considerable efforts by the Legal Aid Society of Roanoke Valley (which also represents plaintiff in this case) the merits of these issues were never resolved. It is obvious that the ultimate issue which the Legal Aid Society is seeking to have adjudicated—whether indigents can be required to pay publication costs in order to secure a divorce—is of considerable importance to numerous of its clients. Yet despite over three years of efforts the merits of these issues have not been decided despite their substantial constitutional nature. Nor can it be assumed that the Virginia Supreme Court would now resolve these issues; and in view of the disposition in the *Payne* case it is perhaps reasonable to assume that a state forum will not be made available to de-

cide these issues. This court accordingly is of the opinion that considerations of comity and federalism are no bar to this suit.

For the reasons stated, the court at this time denies defendant's motion to dismiss and pursuant to 28 U.S.C. §§ 2281 and 2284, a three-judge district court will be convened to consider plaintiff's complaint. Defendant's motion to dismiss may be renewed before such court, and plaintiff's request for class certification, to which defendant has not responded will be considered by such court.