Sherman H. SKOLNICK, Plaintiff-Appellant,

v.

Charles T. MARTIN, Arthur Lilly, and Charles R. Perrigo, Defendants-Appellees.

No. 13948.

United States Court of Appeals Seventh Circuit.

May 7, 1963.

Rehearing Denied June 6, 1963.

See, also, 317 F.2d 857.

Peter S. Sarelas, Chicago, Ill., for appellant.

Charles T. Martin, Daniel P. Ward, Ronald Butler, Chicago, Ill., Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., J. William Hayton, Chicago, Ill., of counsel, for appellee Charles T. Martin.

Charles M. Rush, John M. O'Connor, Jr., of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for appellees Arthur Lilly and Charles R. Perrigo.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff Sherman H. Skolnick appeals from a judgment order of the district court, Honorable Richard B. Austin, presiding, dismissing his complaint for failure to state a claim upon which relief could be granted.

A brief résumé of the background of this present action follows.

On May 23, 1958, plaintiff filed a civil damage action in the Circuit Court of Cook County, Illinois (58–C–7219). Defendants named in this state court action were his stockbrokers, Hornblower and Weeks and the partners in that firm, including Arthur Lilly and Charles R. Perrigo. This complaint charged defendants with the breach of an alleged oral trust in handling plaintiff's speculation in the stock market. Charles T. Martin and

J. William Hayton acted therein as attorneys for defendants.

On January 7, 1960, defendants took plaintiff's deposition in preparation for trial of that cause. Plaintiff was examined by attorney Martin concerning the stock transactions in question. Plaintiff's father, his attorney and court reporter were present, as were defendant's court reporter and Lilly and Perrigo. The deposition was transcribed and filed in the circuit court. It was used in a subsequent jury trial on January 18–26, 1961, which resulted in a disagreement of the jury. Neither plaintiff nor his attorney made any objections to the conduct of attorney Martin toward plaintiff at the taking of the deposition or during the course of the subsequent trial. The case has never been retried in the state court and is still pending.

On January 4, 1962, plaintiff filed the instant action in the United States District Court against Martin, Lilly and Perrigo. He sought to recover damages for alleged physical injuries charged to have been caused by alleged improprieties committed in the taking of his deposition on January 7, 1960.[1]

It is conceded there is no diversity of citizenship present in this case. Plaintiff attempts to invoke jurisdiction of the federal courts by claiming he suffered his injuries because of an alleged violation of the Federal Civil Rights Acts, 42 U.S. C.A. §§ 1981–1988.

Plaintiff is a paraplegic and a member of the white race. He claims he was mistreated by attorney Martin, who was at the time acting for Lilly and Perrigo. In substance, the alleged improprieties charged were that at the taking of the deposition pursuant to state court process he was compelled to sit for about four hours in a straight chair without arm rests and without his crutches; that his father was prevented from making him more comfortable; that attorney Martin stood over him and screamed at him and took an envelope containing papers from him; and that defendants operated a secret recording device concealed in an adjoining room. This alleged misconduct is charged to have contributed to his further disability.

In short, plaintiff contends that defendants have misused the state power of compulsory process to inflict personal injuries upon him, thereby acting under color of state law and in violation of his rights under the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States.

Plaintiff asserts jurisdiction under the Federal Civil Rights Acts, supra, by virtue, of 28 U.S.C.A. §§ 1343 and 1331. His principal reliance is upon the holding in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). We believe this reliance is misplaced.

The acts complained of arose in a pretrial deposition proceeding in a state court action merely between private parties, all of whom were residents of Illinois. The acts complained of were those of an attorney representing his clients. This is a far cry from Monroe v. Pape, supra, where defendants were city policemen charged with brutality in arresting the plaintiff. The wrongs alleged there were committed by officers of the law acting under color of state law. They misused the power conferred upon them.

We have found no case, and none has been cited to us, holding that federal courts may, under the Federal Civil Rights Acts, review or supervise civil

---

1. On January 4, 1962, plaintiff filed a complaint for damages against Martin, Lilly and Perrigo in the Superior Court of Cook County, Illinois. He charged defendants therein with the same improprieties in the taking of his deposition on January 7, 1960, as alleged in the identical charges in the complaint filed on the same day in the federal court. On March 28, 1962, the state court dismissed this case; plaintiff appealed to the Supreme Court of Illinois which transferred the appeal to the Illinois Appellate Court on defendants' motion. On February 8, 1963, plaintiff filed a Petition for Certiorari in the United States Supreme Court, 372 U.S. 953, 83 S.Ct. 951, 9 L.Ed.2d 977, for review of the transfer order.

proceedings in a state court between private parties. On the other hand, the authorities thus far have held to the contrary.

The instant case was private litigation in which the state did no more than furnish the forum. It had no interest whatever in the outcome. There was no denial of rights under the Fourteenth Amendment or a claim stated upon which relief could be granted under the Federal Civil Rights Acts. Hanna v. Home Insurance Company, 5 Cir., 281 F.2d 298 (1960), cert. denied, 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747; Johnson v. Stone, 7 Cir., 268 F.2d 803 (1959); Smith v. Village of Lansing, 7 Cir., 241 F.2d 856 (1957); Moffett v. Commerce Trust Co., 8 Cir., 187 F.2d 242 (1951), cert. denied, 342 U.S. 818, 72 S.Ct. 32, 96 L.Ed. 618; Campo v. Niemeyer, 7 Cir., 182 F.2d 115 (1950); Bottone v. Lindsley, 10 Cir., 170 F.2d 705 (1948), cert. denied, 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101.

Lawyers who participate in the trial of private state court litigation are not state functionaries acting under color of state law within the meaning of the Federal Civil Rights Acts. Cooper v. Wilson, 6 Cir., 309 F.2d 153 (1962); Swift v. Fourth National Bank of Columbus, Georgia, D.C.M.D.Ga., 205 F.Supp. 563 (1962).

Plaintiff complains that the district court erred in ruling on the motion to dismiss the complaint without hearing oral argument. There is no merit in this contention. Plaintiff filed voluminous written objections and a brief in support thereof, which were considered by the trial court. There was no abuse of discretion in not permitting oral argument thereon. Weir v. Chicago Plastering Institute, 7 Cir., 272 F.2d 883, 888 (1959).

For the foregoing reasons, we hold that the judgment dismissing plaintiff's complaint must be affirmed.

Affirmed.