**Peter S. SARELAS, Plaintiff-Appellant,**

v.

**George S. PORIKOS et al., Defendants-Appellees.**

**No. 14011.**

United States Court of Appeals
Seventh Circuit.

July 30, 1963.

Rehearing Denied Sept. 4, 1963.

Peter S. Sarelas, Chicago, Ill., for appellant.

John C. Gekas, Chicago, Ill., for appellees.

Before, DUFFY, KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Sarelas appeals from a District Court judgment dismissing his suit against fourteen defendants under the federal Civil Rights Acts.[1]

The basis of Sarelas' suit is an earlier action in the Circuit Court of Cook County. The Circuit Court dismissed the conspiracy and defamation charges, and entered summary judgment against Sarelas on an assault and battery charge. The Supreme Court of Illinois dismissed his appeal and the Supreme Court of the United States denied certiorari. 370 U.S. 904, 82 S.Ct. 1251, 8 L.Ed.2d 400.

The suit at bar charges the fourteen defendants, thirteen of whom are Illinois attorneys, with conspiracy, while acting under color of Illinois law, to deprive plaintiff of due process and equal protection of the laws, in the Illinois Circuit Court action. The nub of the overt acts he charges, pursuant to the alleged conspiracy, is abuse of process in procuring, having certified and presenting to the Circuit Court his depositions taken by virtue of a Circuit Court order.

Affidavits in support of defendants' motions to dismiss and for summary judgment state that the same claims of irregularities and abuses in taking depositions were presented to the Circuit Court and passed upon by that court; and that the same claims were made to the Supreme Court of Illinois and on petition for certiorari before the United States Supreme Court. These sworn statements were not denied by Sarelas in his counter-affidavit.

Sarelas contends the District Court violated his constitutional rights in denying him a hearing and dismissing his suit without a motion to dismiss having been presented and without an inquiry.

■ There was no genuine issue of fact before the District Court upon the Circuit Court findings and judgment, which are final because plaintiff's appeal to the Supreme Court of Illinois was dismissed. Thus a question of law only was presented to the District Court and the record shows the question was extensively briefed by plaintiff. His motions were called for hearing and the District Court presumably was satisfied on the complaint, motions, affidavits and briefs, that oral arguments were not needed for decision. The judgment entered was based upon motions filed, and the exhaustive briefs, and we see no denial of hearing, or arbitrary action, under the circumstances. Rule 78 F.R.Civ.P., Skolnick v. Martin, 317 F.2d 855 (7th Cir. 1963). It is not important that plaintiff's and not defendants' motions triggered the disposition of the case. There is no merit to the contention that the District Court denied plaintiff due process or equal protection of the law so as to render the District Court judgment void.

■ The vital question is whether the District Court erred in dismissing the complaint for failure to state a cause of action upon which relief can be granted under the Civil Rights Acts. We think not.

■ This court has recently held that lawyers participating in private state court litigation do not act under color of state law within the meaning of the Federal Civil Rights Acts. Skolnick v. Martin, 317 F.2d 855 (7th Cir.1963).

■ Moreover, taking the facts alleged in the complaint as true there is no basis for an inference that the defendants, acting "under color of any" state statute, deprived plaintiff of "any rights * * * secured by the Constitution and laws * * *." Whether there were violations of the Illinois Supreme Court rules on discovery procedure did not present a question of deprivation of "any rights * * * secured by the Constitution and laws * * *" but a question of abuse of process in the taking of the depositions.

For the reasons given, the judgment is affirmed.

---

1. Plaintiff invokes 28 U.S.C. § 1343; 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988.