356 F.2d 504
 E. C. F. MEIER, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Paul Aronson, Corwin D. Querry, Joseph Harrow, Edward J. Gulanick, John T. Kennedy, dba Querry, Harrow, Gulanick & Kennedy, Defendants-Appellees.
 No. 15294.
 United States Court of Appeals Seventh Circuit.
 February 14, 1966.
 
 E. C. F. Meier, pro se, Walter F. Cebelin, Falkenberg & Falkenberg, Chicago, Ill., of counsel.
 E. Douglas Schwantes, Donald M. Haskell, John A. Hutchings, Berchem, Schwantes & Thuma, Jacobs & McKenna, James J. Hoffnagle, Chicago, Ill., for appellees.
 Before DUFFY, KNOCH and CASTLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff brought this suit under the Federal Civil Rights Acts, 42 U.S.C. §§ 1981-1988, seeking to recover $500,000 damages because of an alleged conspiracy by the defendants which, plaintiff contends, resulted in the deprivation of his right to a fair trial in an Illinois state court in a personal injury case in which he was the plaintiff. The District Court granted defendants' motion to dismiss.
 
 
 2
 Plaintiff had filed suit for personal injuries in the Cook County Circuit Court against defendant Paul Aronson. Pursuant to an insurance contract, defendant State Farm Mutual Automobile Insurance Company retained defendant attorneys Querry, Harrow, Gulanick & Kennedy to act in Aronson's behalf.
 
 
 3
 At the first trial, Attorney Gulanick, in cross-examining plaintiff, asked him if he were a member of the bar at the time of his injury.[1] Plaintiff asserts that the attorney well knew that prior to the date of the trial, plaintiff's name had been restored to the attorney rolls by the Illinois Supreme Court. The jury returned a verdict in favor of the defendant. However, the Judge granted a new trial, possibly because of the question about plaintiff's membership in the bar.
 
 
 4
 Upon the second trial before another judge, a similar question was asked of plaintiff by Attorney Gulanick. Defense counsel argued that the line of inquiry was proper as tending to show that plaintiff's loss of earning power stemmed from the disbarment rather than from injuries suffered in the accident. The trial judge overruled the objection to the question. The jury again brought in a verdict favoring the defendant.
 
 
 5
 This Court has held that attorneys who participate in the trial of private state court litigation are not acting under color of state law within the Federal Civil Rights Acts. Skolnick v. Martin, 7 Cir., 317 F.2d 855, 857, cert. den. 375 U.S. 908, 84 S.Ct. 199, 11 L.Ed.2d 146; Sarelas v. Porikos, 7 Cir., 320 F.2d 827, 828, cert. den. 375 U.S. 985, 84 S.Ct. 519, 11 L.Ed.2d 473.
 
 
 6
 Pertinent is our statement in Skolnick v. Martin, supra, at page 857:
 
 
 7
 "The instant case was private litigation in which the state did no more than furnish the forum. It had no interest whatever in the outcome. There was no denial of rights under the Fourteenth Amendment or a claim stated upon which relief could be granted under the Federal Civil Rights Acts." (Citing cases)
 
 
 8
 "Lawyers who participate in the trial of private state court litigation are not state functionaries acting under color of state law within the meaning of the Federal Civil Rights Acts." (Citing cases)
 
 
 9
 We agree that the complaint herein did not state a claim upon which relief could be granted. The order of dismissal is
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Plaintiff argues that the disbarment proceedings before the Supreme Court of Illinois (No. 35245) show on its face that the proceedings were illegal, as the envelope containing the notice of the proceedings was deposited in the mail in Chicago on March 19, 1959 at 7 p. m. and was returnable before the Supreme Court at Springfield at 10 a. m. the following morning