103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sherman H. SKOLNICK, Mark Sato, and Joseph Andreuccetti,
Plaintiffs-Appellants,
v.
Richard P. DORIA, Sheriff, Henry Kohley, Deputy Sheriff,
Aldo E. Botti, Chairman, DuPage County Board, 3 Unknown
Deputy Sheriffs, James E. Ryan, State's Attorney, in their
individual and official capacities, Edward J. Lesniak, A.
Mills Van Lines, Inc., 6 Unknown Contract Movers, Jane Does
1-20, John Does 1-20, Defendants-Appellees.
 No. 94-3238.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 14, 1996.*
Decided Nov. 25, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 This case arises from the 1993 eviction of Joseph Andreuccetti from his personal residence in DuPage County, Illinois, following foreclosure and a brief stay in the course of Andreuccetti's personal bankruptcy. Before the state court's order of eviction was executed, Andreuccetti attempted to challenge it by bringing a federal civil rights action alleging that the order was void as the result of a conspiracy designed to bankrupt Andreuccetti for his refusal to cooperate with the mafia. The district court dismissed for lack of subject matter jurisdiction to review a state court judgment under the Rooker-Feldman doctrine, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); we affirmed, Andreuccetti v. Doria, No. 93-3700, (7th Cir. Nov. 8, 1994) (unpublished order). In this new action, appellants now complain about the events surrounding execution of the eviction order on November 17, 1993, alleging that several unidentified deputy sheriffs and contract movers unreasonably removed and retained various items of appellants' property from the residence in violation of their constitutional rights. The district court dismissed. We affirm and order the appellants to show cause why sanctions should not be imposed pursuant to Federal Rule of Appellate Procedure 38.
 
 
 2
 The appellants are self-styled investigative journalists and court reformers who allege conspiracies among the defendants ranging from the "illegal brokering of babies" to "selling DuPage County Sheriffs badges to members of organized crime families" to bribing various state and federal officials. The only portion of these diverse allegations that appears to pertain to the present litigation is the appellants' contention that the defendants conspired to deprive Andreuccetti of his property by procuring a corrupt judgment, and did so with the ulterior motive of retaliating for appellants' investigation into defendants' participation in the other conspiracies. Appellants assert that as part of this scheme the sheriff's deputies seized and failed to return investigative materials stored in Andreuccetti's home and protected by the First Amendment. They further allege that the sheriff's deputies threatened to arrest Andreuccetti and confiscate his property if he persisted in videotaping the eviction.
 
 
 3
 Appellants filed the present suit on November 18, 1993, the day after the eviction, and an amended complaint on December 6. Several of the appellees promptly moved to dismiss. On February 15, 1994, the district court judge, Judge Hart, denied appellants' motion that he disqualify himself pursuant to 28 U.S.C. § 455 on the basis of his alleged involvement in yet another conspiracy (described below) and directed the appellants to answer the motions to dismiss by March 11. Despite the district court's explicit instructions, appellants failed to respond to the motions to dismiss and instead filed a motion to reconsider the disqualification ruling. By order of August 12, 1994, Judge Hart, observing that the appellants had demonstrated themselves to be experienced pro se litigators, found that they had waived their right to respond and proceeded to grant the motions to dismiss.
 
 
 4
 As a threshold matter, appellants renew their assertion that Judge Hart, and indeed this entire court, must be disqualified. Subsection 455(a) of title 28 requires disqualification where the judge's "impartiality might reasonably be questioned," and subsection 455(b) where the judge has "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The latter subsection also sets forth several specific examples of circumstances that might suggest bias, such as having a financial interest in the outcome of the proceeding, 28 U.S.C. § 455(b)(4). As grounds for disqualification, the appellants assert that "virtually all federal judges of the 7th Circuit ... are complicit in or, at least, knowledgeable of, an apparatus referred to as the 'dope underground' ('DU')." The DU is allegedly a conspiracy to distribute narcotics in the Dirksen Federal Building (the courthouse in which this court sits) and launder the proceeds; it supposedly includes members of the United States Attorney's Office, the IRS, the Chicago police, and innumerable other individuals, and has involved the assassination of a grand jury witness who threatened to expose its operations. Therefore, because of the interest and bias of all district and appellate judges of this circuit, the appellants believe that the case should be reassigned to a panel of non-Seventh Circuit judges or a retired Supreme Court Justice, see 28 U.S.C. § 291 et seq.
 
 
 5
 The district court rejected appellants' motion, and the appellants' failure to immediately seek a writ of mandamus waives the section 455(a) recusal argument on appeal. Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249, 1255 (7th Cir.1993) (citing United States v. Towns, 913 F.2d 434, 443 (7th Cir.1990)). As for Judge Hart's rejection of the subsection 455(b) allegation of bias or interest, which we review de novo, Hook v. McDade, 89 F.3d 350, 353-54 (7th Cir.1996), we agree with Judge Hart that appellants' fantastic "dope underground" conspiracy theory could not possibly convince a reasonable person that the judge was biased against a party or had an interest in the outcome of the proceeding. See id. Appellants' arguments that the judges of this court must recuse themselves are based on precisely the same delusional contentions and are equally unavailing.
 
 
 6
 This essentially ends the appeal: by their deliberate bypass of the opportunity to respond to the motion to dismiss in the district court, the appellants have waived any arguments beyond those regarding their motion for disqualification. See Prymer v. Ogden, 29 F.3d 1208, 1213 (7th Cir.), cert. denied, 115 S.Ct. 665 (1994). We see no error in the district court's decision not to grant an extension of time on its own motion; the appellants are prolific litigators whose harassing filings have previously led to substantial sanctions. See, e.g., Sato v. Plunkett, No. 94 C 60 (N.D.Ill. Apr. 18, 1994) (rule to show cause why court should not sanction Sato $5000 for frivolous filings; Sato had already been barred from filing further civil litigation for failure to pay earlier sanction of $500); Vassilos v. Petersen, No. 92 C 6456 (N.D.Ill. Dec. 31, 1992) (declining to impose sanctions, but admonishing Skolnick to heed Rule 11 before filing further lawsuits). More to the point, the appellants have more than demonstrated familiarity with the litigation process--Skolnick's civil rights claims stretch back more than thirty years, see Skolnick v. Martin, 317 F.2d 855 (7th Cir.), cert. denied, 375 U.S. 908 (1963)--and so the judge's enforcement of the briefing schedule can not be said to have been unfair or to have taken them by surprise. In any event, appellants' brief generally ignores the legal bases of the district court's order, instead reciting at length their conspiracy theories and repeating their arguments for recusal. They have failed to state a coherent argument as to why we should disturb the judgment of the district court.
 
 
 7
 We have determined that this appeal is frivolous. Accordingly, the appellants are ordered to show cause by December 11, 1996, why sanctions should not be imposed pursuant to Federal Rule of Appellate Procedure 38.
 
 
 8
 AFFIRMED; ORDER TO SHOW CAUSE ISSUED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)